UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** * | **CRIMINAL NO.  20-cr-00055** |
| * | **SECT. F. MAG.4** |
| **VERSUS** * | |
| * | **JUDGE FELDMAN** |
| **JASON R. WILLIAMS     (01)** * | |
| **NICOLE E. BURDETT     (02)** * | **MAGISTRATE JUDGE ROBY** |

**GOVERNMENT'S OPPOSITION AND INCORPORATED MEMORANDUM
IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY,
EVIDENTIARY HEARING, AND TO DISMISS AND RESPONSE TO COURT'S
ORDER TO SHOW CAUSE**

NOW INTO COURT, comes the United States of America, through the undersigned Assistant United States Attorneys, who respectfully oppose the Defendants' Motion for Discovery, Evidentiary Hearing, and to Dismiss for the reasons outlined below.

The Government also acknowledges that it incorrectly calendared the deadline for the filing of this response and respectfully requests that the Court allow it to be filed one day late.

**BACKGROUND**

On June 26, 2020, an eleven (11) count Indictment was returned charging Jason R. Williams and Nicole E. Burdett with Conspiracy to Defraud the United States, Aiding and Assisting in the Preparation and Presentation of False and Fraudulent Returns, Statements or Other Documents and Failure to File Forms 8300 Relating to Cash Received in Trade or Business.

Beginning in tax year 2001 and continuing through the present, Jason R. Williams has had a lengthy history of filing and paying his taxes late and of owing money to the IRS.  In 2011, Jason R. Williams was introduced by his co-defendant, Nicole E. Burdett, (a lawyer at his firm) to a tax preparer named Henry Timothy, who works out of his home in Westwego, Louisiana.  When

1

Williams was introduced to Timothy, Williams already had liens filed against him by the IRS and had an extensive history of filing late and not paying what he owed to the IRS. Williams asked Timothy to file amended returns going back to 2002 and hired him as his return preparer for returns filed through 2017. With the assistance of Burdett, Timothy filed returns on behalf of Williams described in Counts 1 through 7 of the Indictment, which contained false and fraudulent information consisting of false Schedule C expenses. Counts 7 through 11, have nothing to do with Henry Timothy and involve Jason R. Williams and Nicole E. Burdett receiving in excess of $10,000.00 in cash for legal services and failing to file the requisite 8300 Forms.

As in most other tax cases, this case was investigated by the IRS Criminal Investigation Division. After the investigation was complete, like all federal cases involving violations of the Internal Revenue laws, this matter had to be approved by the Tax Division of the Department of Justice. See 28 C.F.R. § 0.70 and JM 6-4.200. Counts 1 through 6 of the Indictment were approved by the Tax Division on April 27, 2020 and the remaining counts were approved by the Tax Division on June 18, 2020. Pursuant to the Court's General Order No. 20-6 dated April 24, 2020, the United States Attorney's Office for the Eastern District of Louisiana requested that the Grand Jury empaneled in August of 2019 meet on June 26, 2020. That request was granted by Chief Judge Nannette Jolivette Brown and five indictments were returned that day, one of which is the indictment charging Williams and Burdett.

Jason Williams is an attorney, who owns his law office and he is also a public official, serving as councilman At-Large for the New Orleans City Council. He has also publicly expressed his desire to run for Orleans Parish District Attorney, and that election is set to occur on November 3, 2020. The matter was presented before the next available grand jury in the Eastern District of Louisiana, which, as stated above, occurred on June 26, 2020.

One of the Defendant's arguments is that this indictment is an attempt to interfere with the election set to take place in November of 2020. The Defendants are wrong, as this case is about Jason Williams' longstanding history of tax fraud and the willingness of his legal associate, Nicole Burdett, to help him violate the law. Williams has extensive history of failing to pay the IRS and submitting false information to the IRS, in order to avoid having to pay his tax liability. The Defendants are also incorrect regarding the statute of limitations pertaining to some of the charged violations in this matter. While a six year statute of limitations does apply to the Title 26 U.S.C. § 7206(2) charges, a three year statute of limitations applies to the Title 31 U.S.C. §§ 5331 and 5322 charges listed in Count 7 through 11 of the Indictment.[1] Based on a three-year statute of limitations, Count 7 would have prescribed on June 27, 2020, so it was important that the case be presented at the next available grand jury in the Eastern District of Louisiana, which happened to be on June 26, 2020. Additionally, Count 2 of the Indictment will prescribe on October 15, 2020 necessitating the charges be brought before the election.

1. **<u>The Defendants' Speedy Trial Rights Have Not Been Violated.</u>**

The Speedy Trial Act requires that a defendant's trial commence within seventy days from his indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The trial of this matter is currently set for September 14, 2020, well within the time limits of the Speedy Trial Act. However, the Court's COVID Order No. 20-6 suspends all criminal jury trials until October 5, 2020. As part of that Order, the Court made the requisite finding under the Speedy Trial Act that

---

[1] While the statute of limitations for violations of 26 U.S.C. §§ 7202 and 7203 is six years, (see 26 U.S.C. § 6531(4)), Section 6531(4) also notes the six year statute applies in cases "other than a return required under authority of Part III of subchapter A of Chapter 61." Section 6050I, Returns Relating to Cash Received in Trade of Business, Etc. is found in Tile 26, subtitle F, Chapter 61, Part III, Subchapter A; thus, the statute for these offenses is three years. *See United States v. Alston*, 77 F3rd 713, 724 fn. 4 (3rd Cir. 1996) ("Alston presumably paid West German in negotiable instruments in order to avoid triggering West German's duty to file an IRS Form 8300 reporting a series of cash transactions in excess of $10,000.00. No criminal indictment was brought for failure to file 8300 Forms because the applicable three year statute of limitations for this offense had already run.")

the ends of justice are served by ordering that postponements outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). In addition, the filing of the Defendants' Motion to Dismiss also interrupts the speedy trial clock in this case. 18 U.S.C. § 3161(h)(1)(D).

The Defendants also claim that their constitutional rights are violated, since they will not be able to have a speedy trial. The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy trial." U.S. CONST. amend. VI. To determine whether a defendant's constitutional right to speedy trial has been violated, four factors must be analyzed: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2nd 101 (1972). None of these factors weigh in the Defendants' favor, since according to the Court's General Order and the Defendants' motion, the speedy trial clock has not run. At this juncture, any argument that the Defendants' speedy trial rights have been violated is premature and unfounded.

2.  **The Defendants Have Not Established That Any Equal Protection Or Due Process Violations Have Occurred In The Selection Of The Grand Jury, Nor Have They Cited Any Authority To Support Their Unfounded Belief That The Fair Cross-Section Requirement Must Be Established Every Time The Grand Jury Convenes.**

The Supreme Court has clearly and consistently stated that indictment by a grand jury from which members of a racial group purposefully have been excluded violates equal protection principles. *Sosa v. Dretke*, 133 F.App'x. 114, 126-27 (5th Cir. 2005) citing *Rose v. Mitchell*, 443 U.S. 545, 556, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979); *Castaneda v. Partida*, 430 U.S. 482, 492, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977); *Strauder v. West Virginia*, 100 U.S. 303, 307-10 (25 L.Ed.664 (1879). The defendant must show that the procedure employed in the selection of a grand jury resulted in the substantial underrepresentation of the members of a race or another

4

identifiable group. *Mitchell*, 443 U.S. at 565. The test for determining whether this standard has been satisfied has four components: (1) the petitioner must establish the excluded group is a recognizable, distinct class, singled out for different treatment under state law, as written or as applied; (2) the degree of underrepresentation must be proved by comparing the population of the group and the total population to the proportion called to serve as grand jurors, over a significant period of time; (3) there must be a selection procedure that is susceptible of abuse or is not racially neutral to support the presumption of discrimination raised by the statistical showing; and (4) once the petitioner establishes the foregoing *prima facia* case, the burden shifts to the state to rebut the *prima facia* case. *Id*. In addition to the equal protection right discussed above, the Sixth Amendment guarantees a criminal defendant the right to have his or her jury chosen from a venire or panel representing a fair cross-section of the community. *Sosa* at 126-27 (citing *Taylor v. Louisiana*, 419 U.S. 522, 527-30, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *Holland v. Illinois*, 493 U.S. 474, 478-83, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990). In order to establish a *prima facia* violation of the fair cross-section requirement, a defendant must show (1) that the group alleged to be exclusive is a "distinctive" group in the community; (2) that the representation of this group and venires from which the juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Id*. (citing *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). "The fair-cross-section requirement does not guarantee 'jur[ies] of any particular composition.' " *Paredes v. Quarterman*, 574 F.3d 281, 289 (5th Cir.2009) (alteration in original) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975)).

The Defendants argue that the COVID-19 pandemic has denied them of a grand jury which reflects a fair cross-section of the community. They have not argued that the actual selection process of this particular grand jury was empaneled in violation of the Equal Protection Clause or the fair cross-section requirement of the Sixth Amendment. In fact, the grand jury which returned the indictment was empaneled in August of 2019, before the onset of the COVID-19 pandemic.

The Defendants assert that on June 26, 2020, when this indictment was returned, a fair cross-section of the community could not have been represented, due to the disproportionate effect that the COVID-19 pandemic has had on the black community. As stated above, in order to prove any violation of the Equal Protection Clause or the fair cross-section requirement of the Sixth Amendment, the Defendants would have to establish that in order to show any violation, the Defendants would have to show a "degree of underrepresentation… over a significant period of time," and "a selection procedure that is susceptible of abuse or is not racially neutral… ." In order to show a Sixth Amendment violation, the defendants would have to prove that there was underrepresentation due to "systemic exclusion." The defendants have not been able to satisfy any of the above criteria, and, in fact, have not cited any authority in support of their argument that these requirements apply to every single session for which a grand jury is convened. If that were the case, then every grand jury session held across the country could be attacked each and every time they convene. Instead, they rely on *Hobby v. United States*, 468 U.S. 339, 345 (1984), which they argue holds that during grand jury proceedings, any actions amounting to more than a "ministerial" function must be free from racial discrimination. The *Hobby* opinion has nothing to do with a grand jury quorum or the makeup of the grand jury on any particular day and holds, "simply stated, the role of the foreman of a federal grand jury is not so significant to the administration of justice that discrimination and the appointment of that office impugns the

6

fundamental fairness of the process itself so as to undermine the integrity of the indictment." *Hobby* at p. 345.

They have not stated any cognizable equal protection or fair cross-section violation, so disclosure in this case is not warranted. A federal court has supervisory power to safeguard the integrity of the grand jury process, but the limits of that power are narrowly circumscribed. *United States v. Strouse*, 286 F.3rd 767, 771 (5th Cir. 2002), see also *United States v. Williams*, 504 U.S. 36, 46 (1992). The supervisory power should be used "only in extraordinary situations." *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988). In order to obtain disclosure of proceedings before the grand jury, the defendant bears the burden of proof and must show: (1) the material they seek is needed to avoid a possible injustice; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only materials so needed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S. Ct. 1667, 60 L. Ed. 2d 156, 1979 U.S. LEXIS 33, 1979-1 Trade Cas. (CCH) P62, 560, 27 Fed. R. Serv. 2d (Callaghan) 269. The defendant must demonstrate a "particularized" and "compelling" need for the requested materials that outweighs the policy of grand jury secrecy. *Id*. at 222-27. See also *In re Grand Jury Testimony*, 832 F.2d at 62; *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301 (1991) (the presumption of regularity "generally may be dispelled only upon particularized proof of irregularities in the grand jury process." citing *United States v. Mechanik*, 475 U.S. 66, 78 (1986).

Since the defendants have not been able to substantiate that any violations occurred in the selection of the grand jury, nor have they been able to cite to any authority which supports their unfounded belief that the fair cross-section requirement applies to each and every grand jury session, there can be no "compelling" need to breach the policy of grand jury secrecy and; therefore, they are not entitled to inspect any of the items requested in their motion.

WHEREFORE, the Government respectfully requests that the Court deny the Defendants' Motion for the reasons stated above and allow the Government's Opposition to be filed into the record on this date.

                                    Respectfully submitted,

                                    DAVID C. JOSEPH
                                    United States Attorney
                                    Western District of Louisiana

BY:     */s/Kelly P. Uebinger*_____
        KELLY P. UEBINGER, (Bar No. 21028)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-6618

BY:     */s/David A. Ayo*_____
        DAVID AYO, (Bar No. 28868)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, LA 70501
        Telephone: (337) 262-661

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.  20-cr-00055-01** |
| | * | **SECT. F. MAG.4** |
| **VERSUS** | * | |
| | * | **JUDGE FELDMAN** |
| **JASON R. WILLIAMS     (01)** | * | |
| **NICOLE E. BURDETT     (02)** | * | **MAGISTRATE JUDGE ROBY** |

C E R T I F I C A T E

    I hereby certify that on July 22, 2020, a copy of the United States of America's Opposition and Memorandum in Support of Opposition to Defendants' Motion for Discovery, Evidentiary Hearing, and to Dismiss and Response to Court's Order to Show Cause was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of records by ECF notification.

                                       DAVID C. JOSEPH
                                       United States Attorney

                By:    */s/ Kelly P. Uebinger*_____
                        KELLY P. UEBINGER, La. Bar No. 21028
                        Assistant United States Attorney
                        800 Lafayette Street, Suite 2200
                        Lafayette, LA 70501-6832
                        Telephone:  (337) 262-6618

                BY:    */s/David A. Ayo*_____
                        DAVID AYO, (Bar No. 28868)
                        Assistant United States Attorney
                        800 Lafayette Street, Suite 2200
                        Lafayette, LA 70501
                        Telephone: (337) 262-661