UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-55** |
| **JASON R. WILLIAMS, ET AL.** | **SECTION: "I"** |

### ORDER AND REASONS

Before the Court is the government's motion[1] *in limine* and its supplemental motion[2] *in limine* in which the government argues that Jason Williams and Nicole Burdett ("defendants") should be precluded from advancing any argument, eliciting any testimony, or offering any evidence bearing on Count 10 of the Indictment, which was dismissed without prejudice[3] and without opposition on the government's motion.[4]

Defendants oppose[5] the motion (as supplemented), countering that defendants are entitled to present evidence challenging the quality of the government's investigation, and that evidence pertaining to dismissed Count 10 will demonstrate that the government failed to investigate the basic facts and made fundamental errors. Had the government reviewed its own subpoenaed materials (which included a $10,500 *check* from "D.B."), or had the government interviewed D.B., defendants

---

[1] R. Doc. Nos. 342.
[2] R. Doc. No. 364.
[3] R. Doc. No. 332.
[4] R. Doc. No. 328.
[5] R. Doc. No. 362.

1

argue, the government would have known that there was no cash payment from D.B. triggering the Form 8300 reporting requirement.

Even if argument, testimony, or evidence concerning a dismissed count has marginal relevance to some issue remaining in Criminal Action Number 20-55, the government submits that it should nevertheless be excluded because it would fail the Rule 403 balancing test; that is, it would confuse and mislead the jury about which types of transactions require reporting, it would distract the jury from the issues in the remaining counts, and it would unduly prejudice the government.[6] At this pretrial juncture, the Court agrees.[7] Nevertheless, as this Court and the Fifth Circuit

---

[6] The government insists that Count 10 was predicated on the Williams law firm's billing software, which (incorrectly) indicated that the law firm received $10,500 in "cash" from client D.B. (with no corresponding Form 8300 filed) and that the government was not made aware of the error in the billing software until June 8, 2022 when defendants produced a "Settlement Disbursements" letter from the law firm to D.B. which indicated that the law firm would withhold from settlement proceeds $10,500 in its attorney's fees. Defendants counter that the government has been in possession of the law firm's $10,500 check covering the transaction made the subject of Count 10 since the inception of the case and, in fact, the government produced the D.B. check to defendants in the government's first discovery production on July 15, 2020. Defendants thus complain that the government failed to review the materials it subpoenaed in discovery and failed to speak to D.B. to investigate this non-cash payment before indicting defendants. For its part, the government fails to address or even acknowledge defendants' observation that—since the inception of this case—the government has had in its possession the $10,500 check from D.B.

[7] The Court notes that defendants do not argue that any mistake made by IRS Special Agent Moore was intentional. This Court also notes that any mistake made by Special Agent Moore is complicated by the fact that such error and explanation for the same also falls upon the shoulders of the Assistant U.S. Attorneys involved in the investigation and presentation of the case to the grand jury.

Defendants' focus should rightly be focused on errors that were made with respect to the counts of the indictment which were not dismissed. The fact that Special Agent Moore did not realize that the alleged cash payment was in fact a payment by check appears to have little probative value with respect to issues underlying the remaining counts. The fact that an error was made with respect to

have previously indicated in this very case, the Court remains mindful that Rule 403 assessments are encumbered "in the vacuum of pretrial review." *United States v. Williams*, 30 F.4th 263, 269 (5th Cir. 2022)("Because of the difficulties of making Rule ... 403 assessments in the vacuum of pretrial review, we double down on the district court's caveat."). This particular Rule 403 assessment is no exception: Defendants may request admission of relevant evidence with respect to specific evidence if defendants demonstrate during a bench conference, prior to offering such evidence, that the proffered evidence is relevant to issues remaining in the case and that its probative value would not be substantially outweighed by the dangers articulated by Rule 403.[8] In other words, during the trial, if defense counsel believes, and so advises the Court, that admission in limited fashion of evidence underlying Count 10 would be relevant and not offend Rule 403, it may seek a ruling at that time. Accordingly,

---

the conduct underlying Count 10 does not appear to make it more probable that mistakes were made as to the remaining counts of the indictment.

    Defendants argue that what occurred with respect to Count 10 is "one of numerous deficiencies that the defendants will point out to the jury at trial." Defendants can rest comfortably on the fact that as long as such other deficiencies are supported by admissible evidence, introduction of those other deficiencies should not be an issue.

    Finally, issues regarding alleged failures of discovery, grand jury subpoena obligations, the government's investigation, and finger-pointing back and forth cannot be the focus of this trial. With respect to this unintentional error, there is much background evidence which would be presented in connection with the facts underlying such error. It appears that the limited probative value of such evidence would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and a wasting of time. The Court, if asked to do so, will address this issue at trial.

[8] Defendants argue that IRS Special Agent Timothy Moore will testify that he "modified" defendants' general ledgers and that defendants should be permitted to point out to the jury that Special Agent Moore did not realize that an alleged cash payment was, in fact, a payment by check.

**IT IS ORDERED** that the government's motion *in limine* and supplemental motion *in limine* to exclude argument, testimony, and evidence concerning dismissed Count 10 is hereby **DEFERRED TO TRIAL**.[9] Defendants may request admission of evidence relevant to this issue during a bench conference.

New Orleans, Louisiana, July 7, 2022.

_____
HONORABLE LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] Defendants have indicated that they do not oppose the government's motion insofar as it seeks to exclude argument concerning dismissed Count 10. *See* R. Doc. No. 353.