UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-055 |
| VERSUS | SECTION "I" |
| | JUDGE LANCE M. AFRICK |
| JASON R. WILLIAMS | |
| NICOLE E. BURDETT | MAGISTRATE (4) |
| | MAGISTRATE JUDGE ROBY |
| | |
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-139 |
| VERSUS | SECTION "I" |
| | JUDGE LANCE M. AFRICK |
| NICOLE E. BURDETT | |
| | MAGISTRATE (3) |
| | MAGISTRATE JUDGE DOUGLAS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
<u>COUNT 8 OF THE INDICTMENT</u>**

Jason Williams and Nicole Burdett are charged with failing to file Forms 8300 relating to cash received in trade or business—a highly unusual charge.[1] Specifically, Paragraph 4 of the Indictment in Case No. 20-55 charges that "any person involved in a trade or business to file a form, known as Form 8300, with FinCEN, with respect to any cash transaction in which the person receives more than $10,000 in United States currency." This language tracks the statute, 31 U.S.C. § 5331, and the pertinent regulation, 31 C.F.R. § 1010.330. The Indictment alleges that Mr. Williams and Ms. Burdett failed to file Forms 8300 to report five separate cash payments from clients exceeding $10,000 for legal services provided by Mr. Williams's law firm. This motion is limited to Count 8, which charges two payments from client J.K. to the

---

[1] As Judge Feldman observed in a prior order, "Mr. Williams and Ms. Burdett are the only individuals to be charged with willfully failing to file a Form 8300 in the Eastern District of Louisiana at least in the past 50 years." *See* R. Doc. 261 at 4 n.3.

#100550086v2

Williams firm totaling $15,000.00—an August 23, 2017 payment of $10,000, and a January 9, 2018 payment of $5,000.  But at trial, the government has not offered proof that these were *cash* transactions.  Rather, the government has strayed from the theory charged in the Indictment, offering proof that the two transactions in Count 8 were *cashier's checks*.  This is an impermissible variance, and therefore Count 8 should be dismissed.

## Law and Argument

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on . . . indictment of a Grand Jury."  U.S. Const. amend. V.  The Supreme Court has held that this provision guarantees criminal defendants a right to be tried solely on allegations in an indictment returned by the grand jury.  *Stirone v. United States*, 361 U.S. 212, 217 (1960).  Thus, "once an indictment issues, only the grand jury may broaden or alter it."  *United States v. Thompson*, 647 F.3d 180, 184 (5th Cir. 2011).

The government violates this principle when it creates a material variance.  "A material variance occurs when the proof at trial depicts a scenario that differs materially from the scenario charged in the indictment but does not modify an essential element of the charged offense."  *United States v. Mitchell*, 484 F.3d 762, 769 (5th Cir. 2007) (internal quotation marks omitted).  "To determine whether a variance occurred a court must compare the evidence presented at trial with the language of the indictment."  *United States v. Kaluza*, No. 12-265, 2016 U.S. Dist. LEXIS 23130, at *8 (E.D. La. Feb. 24, 2016).  A material variance requires dismissal if it prejudice's the defendant's "substantial rights."  *United States v. Morris,* 46 F.3d 410, 414 (5th Cir. 1995).  "[A] variance is fatal 'if it prejudices the defendant's "substantial rights," . . . by placing the defendant at risk of double jeopardy.'"  *See id.* (quoting *United State v. Robinson*, 974 F.2d 575, 578 (5th Cir. 1992)).

2

A comparison of the Indictment and the government's purported proof at trial shows that a material variance has occurred. The Indictment charges violations of 31 U.S.C. §§ 5331 and 5332, which make it a crime for "[a]ny person . . . who is engaged in a trade or business, and . . . who, in the course of such trade or business, receives more than $10,000 in coins or currency in 1 transaction (or 2 or more related transactions)" and willfully fails to file a Form 8300 documenting the transaction(s). *See* 31 U.S.C. §§ 5331, 5332. The Indictment charges that the payments for which a Form 8300 was required were "cash" payments. *See* R. Doc. 1 ¶ 4 (referring to a "**cash** transaction in which the person receives more than $10,000 in United States currency"); *id.* ¶ 5 (referring to "**cash** payments in excess of $10,000"; to "persons who, in the course of their business, received more than $10,000 **cash** in a single transaction or two or more related transactions, [who] must file with the IRS and FinCEN a Form 8300 within fifteen (15) days of receiving the **cash**"; to a requirement that the "recipient of the **cash** must furnish the other party from whom the **cash** is received a written statement by January 31 of the year following the transaction"; and to "the aggregate amount of reportable **cash** the business was required to report"); *id.* ¶ 11 ("[Defendants] would, on occasion, receive **cash** payments from clients. At times, these **cash** payments exceeded ten thousand dollars ($10,000.00). Although they were required to file a Form 8300 relating to those **cash** payments, they failed to do so. On some occasions, they also failed to include **cash** payments in the firms' QuickBooks."). The caption of Counts 7–11 likewise refers to "Failure to File Forms 8300 Relating to **Cash** Received in Trade or Business." *See id.* at 8. While Paragraph 22 of the Indictment offers a stray reference to "more than $10,000 in currency," the Counts incorporate the preceding paragraphs, and the *form* of currency that Defendants are charged with, per the earlier paragraphs replete with references to "cash," is *cash*.

This is to be expected because S/A Moore's testimony to the Grand Jury was regarding "cash payments." *See* Exh. A, Moore GJ Testimony 42:14-43:6; 45:8-22; 47:6-11; 49:17-50:51:2; Exhibit 12 (Under Seal).

But, the government's purported proof has revealed, Count 8 does not concern *cash* transactions. Rather, Count 8 concerns two *cashier's checks* (issued months apart) that together add up to more than $10,000. Cashier's checks are a form of currency under the pertinent regulation. *See* 31 CFR § 1010.330(c)(1)(ii). But they are not cash. In other words, cash is a subset of currency, but cashier's checks are not a subset of cash *under the regulation*.[2] And they are not charged in the Indictment.

By offering proof only of cashier's checks with respect to Count 8—not cash—the government has materially varied from the Indictment. The proof offered (two cashier's checks) differs substantially and materially from "scenario charged in the indictment" (cash transactions). *See Mitchell*, 484 F.3d at 769. Essentially, the government has changed the *means* by which the defendants allegedly violated 31 U.S.C. §§ 5331 and 5332 from that charged in the Indictment. And this variance has prejudiced the defendants by depriving them of notice of the details of the charges against them. Accordingly, the Court should dismiss Count 8 of the Indictment. *See, e.g.*, *United States v. Santa-Manzano*, 842 F.2d 1, 2–4 (1st Cir. 1988) (Breyer, J.) (finding fatal variance and reversing conviction where the indictment charged the defendants with issuing fake *certificates of deposit* in return for money, but the evidence at trial indicated that the defendants gave the victim a *letter of credit* in return for money); *United States v. Leichtnam*, 948 F.2d 370,

---

[2] The definition of currency is found in 31 CFR § 1010.330: "The term *currency* means . . . [t]he coin and currency of the United States . . . which circulate in and are customarily used and accepted as money . . . [,] and [a] cashier's check (by whatever name called, including 'treasurer's check' and 'bank check'), bank draft, traveler's check, or money order having a face amount of not more than $10,000." *See* 31 CFR § 1010.330(c)(1).

(7th Cir. 1991) (fatal error where defendant was indicted for having unlawfully carried a *specific* firearm, "[b]ut the trial jury was shown three guns . . . and then received an instruction, tendered by the government, that it could convict on count two if convinced that defendant had used 'a firearm'—in effect, any one of the three"); *United States v. Lander*, 668 F.3d 1289, 1295–96 (11th Cir. 2012) (prejudicial variance in mail fraud prosecution where the indictment alleged that defendant defrauded developers by telling them they had to pay him money as part of a "performance bond," but at trial the government proceeded on the theory that the defendant defrauded the developers by telling them that their "payments" to him were for certain development costs that he would use to "make sure their project moved through the regulatory process").

*   *   *

For the foregoing reasons, Count 8 of the Indictment should be dismissed.

Respectfully submitted,

/s/ Avery B. Pardee
Michael W. Magner (01206)
Avery B. Pardee (31280)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA  70170-5100
(504) 582-8358
mmagner@joneswalker.com
apardee@joneswalker.com
*Counsel for Defendant, Nicole E. Burdett*

/s/ William P. Gibbens
William P. Gibbens (27225)
Ian L. Atkinson (31605)
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA  70112
(504) 680-6050

>billy@semmlaw.com
>ian@semmlaw.com
>*Counsel for Jason R. Williams*
>
>and
>
>*/s/ Lisa M. Wayne*
>Lisa M. Wayne (Pro Hac Vice)
>LAW OFFICES OF LISA M. WAYNE
>1775 Sherman St., Suite 1650
>Denver, CO 80203
>(303) 589-9745
>lmonet20@me.com
>*Counsel for Jason R. Williams*

## **CERTIFICATE OF SERVICE**

    I certify that on July 25, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System, which will send a copy of the pleading to all parties via email.

*/s/ Avery B. Pardee*

6